UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Lucky Break Wishbone Corporation, | Civ. No. 10-4394 (PAM/JJG) |
| Plaintiff, | |
| v. | **ORDER** |
| Sterling Jewelers Inc., Stern Advertising, Inc., and Independent Media, | |
| Defendants. | |

This matter is before the Court on Plaintiff's Appeal of an Order issued by Magistrate Judge Jeanne J. Graham. In the Order, Magistrate Judge Graham granted in part and denied in part Plaintiff's motion to compel. (Docket No. 78.) For the reasons that follow, Magistrate Judge Graham's Order is affirmed in all respects.

The Court's review of decisions of the Magistrate Judge on nondispositive matters is limited to determining whether the Order is clearly erroneous or contrary to law. D. Minn. L.R. 72.2(a). The Court gives great deference to a magistrate judge's nondispositive determinations. See Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999) (Montgomery, J.) ("The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential.").

The factual background of this matter is fully set forth in this Court's Order denying Defendants' Motion to Transfer (Docket No. 35) and in Magistrate Judge Graham's Order from which Lucky Break takes this appeal. The Court will not repeat the facts here.

**1.     Discovery related to Sterling's gross sales**

Lucky Break first contends that the Magistrate Judge erred in denying its motion to compel discovery on Sterling's total gross sales. According to Lucky Break, this ruling has the effect of a sua sponte summary judgment motion on a portion of Lucky Break's case. Lucky Break's hyperbole is not helpful, however, to the Court's determination of the issues. Magistrate Judge Graham correctly held that, to be relevant and therefore discoverable, Lucky Break's inquiries into Sterling's finances must have some connection to the infringement Lucky Break alleges. Contrary to Lucky Break's arguments, she did not substitute an admissibility standard for a relevancy standard. Rather, Magistrate Judge Graham's determination was not erroneous and was in full comport with the Federal Rules of Civil Procedure and relevant caselaw. The Order regarding discovery of gross sales is affirmed.

**2.     Temporal limits**

Lucky Break next contends that Magistrate Judge Graham denied Lucky Break any discovery after 2008, and that this denial was erroneous. As Stern points out, however, the allegedly infringing commercial was conceived and shot in 2007, and Stern's involvement with the commercial ended in 2007. Thus, Magistrate Judge Graham's determination that Lucky Break could request discovery through the end of 2008 is in fact a generous reading of the relevant legal standards for discovery. Lucky Break has not established that the temporal limits placed on Stern's discovery obligations are clearly erroneous or contrary to law, and this portion of the Order is affirmed.

**3.      Sterling's alleged delay**

Lucky Break interposes a general objection to Magistrate Judge Graham's ruling, essentially arguing that Magistrate Judge Graham failed to set forth any deadlines for Sterling to comply with its ESI discovery obligations, and that she implicitly accepted Sterling's alleged dilatory tactics by not commenting on those tactics.  The Court has reviewed the Order and finds nothing clearly erroneous or contrary to law about the Magistrate Judge's handling of Sterling's discovery compliance.  This portion of the Order is therefore affirmed.

**4.      Amendment of scheduling order**

Lucky Break contends that Magistrate Judge Graham unfairly amended the scheduling order to extend discovery by one month, and unfairly changed expert witness deadlines to Lucky Break's detriment.  As an initial matter, counsel are reminded that scheduling order disputes are generally more easily resolved in a conference call with chambers.  Lucky Break contends that the expert witness deadlines will make it impossible for Lucky Break to depose the opposition's expert witnesses.  But this Court would never prevent a party from deposing an expert, as counsel well knows, and should the deadlines indeed have that unintended effect, counsel could merely call the Court and ask for a brief extension or permission to take depositions beyond the scheduling order date.  To make this complaint in an appeal wastes the Court's and opposing parties' time and resources.

In any event, Lucky Break's arguments regarding the alleged unfairness of the scheduling-order extension are not well taken.  Lucky Break's counsel told Magistrate Judge Graham that he did not object to moving the expert witness deadline.  Apparently, he now

believes that to allow Defendants to submit their expert reports six weeks after Lucky Break's reports is somehow fundamentally unfair. But this is generally how this District constructs pretrial schedules; there is no inherent unfairness to such a schedule. Lucky Break's objections are as mystifying as they are meritless. The Order is affirmed.

**5.     Preservation of issues**

Finally, Lucky Break asks the Court to allow it to engage in the discovery of Sterling's total gross profits in order to preserve that issue for appellate review. Both Magistrate Judge Graham and this Court have concluded that this discovery is not calculated to lead to admissible evidence, and is overly burdensome. Granting Lucky Break's request would subject Sterling to burdensome discovery despite the Court's determination that such discovery should not be taken. Lucky Break's request is denied.

**CONCLUSION**

Lucky Break has failed to establish that Magistrate Judge Graham's Order is clearly erroneous or contrary to law. Accordingly, **IT IS HEREBY ORDERED that**:

1.     Plaintiff's Appeal (Docket No. 79) is **DENIED**; and

2.     Magistrate Judge Graham's Order (Docket No. 78) is **AFFIRMED**.

Dated:   September 26, 2011

 s/Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge